Ana C. Vásquez (231903)
MEISTER SEELIG & FEIN LLP
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Phone: (310) 295-2167
acv@msf-law.com


Edmund J. Ferdinand, III (*pro hac vice to be filed*)
Jed@Msf-law.com
Alexander Malbin (*pro hac vice to be filed*)
Arm@Msf-law.com
Kathleen Moore (*pro hac vice to be filed*)
kbm@Msf-law.com
MEISTER SEELIG & FEIN PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
Phone: (212) 655-3500

*Counsel for Plaintiff,*
*Sacheu Beauty, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHEU BEAUTY, INC., | Case No.: |
| | |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| SMOOCHE, LLC. and MATTHIJS | **Jury Trial Demanded** |
| RICHARDUS OTTERLOO, | |
| | |
| Defendants. | |

Plaintiff, Sacheu Beauty, Inc. ("Sacheu" or "Plaintiff"), by and through its undersigned attorneys, hereby brings this action against Defendants, Smooche, LLC ("Smooche") and Matthijs Richardus Otterloo ("Otterloo") (Collectively "Defendants"), and pray to this Court for relief based on the following:

## INTRODUCTION

1.      The rise of social media and influencer affiliate marketing has created a new landscape for the development and sale of counterfeit products and unauthorized reproduction of protected content, leading to mass infringement across the internet including on social media and on popular and emerging e-commerce platforms.

2.      This is a case about a leading beauty brand that has catapulted into success due to its innovation and marketing expenditure and strategy, only to have a pirate replicate its most popular product—from its formulation to its product packaging, as well as using its promotional content to market the counterfeit product—in an effort to free-ride off its investment and marketplace goodwill.

3.      Sacheu is a beauty and wellness brand that has taken the industry by storm due to its innovative products, distinctive and alluring product packaging designs, and digital marketing strategy. In 2020, social media influencer Sarah Cheung launched the brand, promoting it online to her already established fan base of thousands of followers across various platforms. To this day, Cheung remains an active participant in the development of the brand, products, and its promotional content.

4.      Since its launch, Sacheu and its products, including its Lip Liner STAY-N product, have become among the most popular beauty products on the market. It is therefore, unfortunately, no surprise that counterfeit and copycat Sacheu products have permeated the market.

5.      Upon information and belief, Smooche is a manufacturer of cosmetic products, including a lip product marketed as the Stick & Stay Peel-off Lip Stain.

2                                        **COMPLAINT**

6.     Smooche's Stick & Stay Peel-off Lip Stain product packaging copies many of the original, unique, and distinctive elements of Sacheu's Lip Liner STAY-N product packaging to create an overall appearance and commercial impression that is confusingly similar to, and a trade-dress-infringing replication of, Sacheu's Lip Liner STAY-N product packaging, that consumers are likely to be—and in some instances, already have been—confused, mistaken, and/or deceived into the false belief that Smooche's Stick & Stay Peel-off Lip Stain product is created or authorized by Sacheu.

7.     Furthermore, upon information and belief, Smooche is using the image and likeness of Sacheu's founder and influencer, Sarah Cheung, in illicit and targeted digital marketing efforts, for the purpose of creating further marketplace confusion and deception among customers of Sacheu, and ultimately usurping sales from Sacheu and capturing market share through unfair and illicit means in a highly competitive beauty market.

8.     Upon information and belief, Defendant Otterloo, the founder and sole owner of Defendant Smooche, has personally directed, controlled, ratified, participated in and/or been the moving force behind the infringing activities of Defendant Smooche with respect to the subject matter of this litigation.

9.     Accordingly, Plaintiff brings this action against Defendants, in law and in equity for trade dress infringement, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, for related claims of trade dress infringement, unfair competition, injury to business reputation and deceptive trade practices under the laws of the State of California and the common law, and for violation of rights of publicity under the laws of the State of California and the common law.

//
//
//

3                                          **COMPLAINT**

## THE PARTIES

10.    Plaintiff, Sacheu Beauty, Inc., is a corporation organized and existing under the laws of the Delaware, with a principal place of business at 12001 Ventura Place, Suite 330, Studio City, California 91604.

11.    Upon information and belief, Defendant, Matthijs Richardus Otterloo is a resident of the State of New York.

12.    Upon information and belief, Defendant, Smooche, LLC is a limited liability company formed by Otterloo in March 2024, organized and existing under the laws of the Delaware, with a registered agent address at 611 South DuPont Highway Suite 102, Dover, Delaware 19901. Upon information and belief, Smooche maintains a continuous business presence in the State of California through, *inter alia*, a mailing address at 8605 Santa Monica Boulevard, PMB 44698, West Hollywood, CA 90069.

13.    Upon information and belief, and at all times relevant hereto, Defendant Smooche was the alter ego of Defendant Otterloo, and in doing the things alleged herein, Defendant Otterloo was acting at least in part within the course and scope of alter ego status.

14.    Upon information and belief, there exists such a unity of interest and ownership between Otterloo on the one hand, and Smooche on the other hand, that the individuality and separateness of these Defendants have ceased to exist.

15.    Upon information and belief, despite the formation of the company existence of Smooche, Smooche and Otterloo should, in reality, be legally treated as one and the same because among other facts:

  a. Smooche was completely dominated and controlled by Otterloo, who personally committed the wrongdoings and violated the laws as set forth in this Complaint, and who has hidden behind the Smooche company to perpetrate unlawful and improper conduct resulting in significant damage to Plaintiff.

4

**COMPLAINT**

b.  Upon information and belief, Otterloo and Smooche, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute, or accomplishing some other wrongful, unlawful or inequitable purpose.

c.  Upon information and belief, Otterloo failed to comply with all requisite company formalities to maintain a legal and separate company existence for Smooche.

d.  Upon information and belief, the business affairs of Otterloo, at all times relevant, were so mixed and intermingled with Smooche that the same cannot reasonably be segregated, and the same are in inextricable confusion. Smooche, at all times relevant hereto, was used by Otterloo as a mere shell and conduit for the conduct of his affairs. The recognition of the separate existence of Smooche on the one hand, and Otterloo on the other hand, from one another would not promote justice. The company existence of Smooche should be disregarded in equity and for the ends of justice, because such disregard is necessary to avoid fraud and injustice.

e.  Upon information and belief, Smooche was not adequately capitalized.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 and 15 U.S.C. § 1121 because Plaintiff's claims arise under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*.  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

17.    This Court may exercise personal jurisdiction over Defendant Smooche, because, upon information and belief, Smooche: (i) engages in continuous and systematic business activities in this Judicial District; and/or (ii)

COMPLAINT

regularly solicits business in California and this Judicial District and derives substantial revenue from interstate commerce; and/or (iii) has purposely directed substantial activities at the residents of California and this Judicial District and derives substantial revenue from interstate commerce; and/or (iv) has committed tortious acts (namely, the acts of trade dress infringement and unfair competition alleged herein) directed at persons located in this State and this Judicial District.

18.    Upon information and belief, Smooche operates an e-commerce store at www.smooche.com, where Smooche offers, sells, and distributes products that infringe Plaintiff's distinctive trade dress to persons located in this State and Judicial District.

19.    This Court may exercise personal jurisdiction over Defendant, Otterloo because, upon information and belief, Otterloo personally (i) engages in continuous and systematic business activities in this Judicial District; and/or (ii) regularly solicits business in California and this Judicial District and derives substantial revenue from interstate commerce; and/or (iii) has purposely directed substantial activities at the residents of California and this Judicial District and derives substantial revenue from interstate commerce; and/or (iv) has committed tortious acts (namely, the acts of trade dress infringement and unfair competition alleged herein) directed at persons located in this State and this Judicial District.

20.    Venue in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(a).

## FACTS COMMON TO ALL COUNTS

### A.    Plaintiff and Its Valuable Intellectual Property Rights

21.    Sacheu is a future-looking millennial and gen Z-oriented beauty and wellness consumer brand that is disrupting the industry with its innovative and technology-based tools, skincare, and makeup products. Founded in 2020 by social media influencer Sarah Cheung and backed by the beauty incubator firm, Gloss

COMPLAINT

Ventures, Sacheu has quickly gained recognition for its unique formulations and game-changing beauty tools.

22.    Sacheu's cosmetic and beauty products are sold throughout the United States by retailers in over 1,400 brick and mortar stores, including Ulta Beauty and Urban Outfitters, through popular e-commerce platforms such as Amazon and TikTok Shop, and through Sacheu's dedicated e-commerce website, www.sacheu.com.

23.    Plaintiff advertises, markets, and promotes its products through numerous channels, including but not limited to its social media pages, which have amassed substantial followings, including over 110,000 followers on TikTok and over 91,000 followers on Instagram:



24.    Sacheu has invested considerable resources in the marketing and promotion of its products, including partnering with various influencers and celebrities who create digital content for social media showcasing the Sacheu brand, its innovative products, and its distinctive product packaging.

25.    Sacheu's affiliate-produced content has been pivotal in its social media strategy, working with over 100,000 affiliates to generate awareness for the brand

COMPLAINT

and its products. This has led a large majority of Sacheu's sales to be generated online, including through its direct-to-consumer website, TikTok Shop, and Amazon. Sacheu's online sales volume is so great that in the second full week of January 2025, Sacheu was Amazon's tenth highest performing beauty and personal care brand.

### i. Plaintiff's Lip Liner STAY-N Trade Dress Rights

26.    In 2023, Sacheu gained viral success with the launch of its Lip Liner STAY-N ("Lip Liner STAY-N"), a peel-off lip liner stain that provides long-lasting, smudge-proof color. A photo depicting the product is reproduced herein:

27.    The overall appearance of the Lip Liner STAY-N product packaging, as reflected in the above image, includes at least the following facially aesthetic, non-functional features, the combination and unique, arbitrary arrangement of which creates a non-functional and inherently distinctive trade dress (the "Lip Liner

**COMPLAINT**

STAY-N Trade Dress"):

- a two-piece tubular container consisting of a flat-bottomed cylindrical base piece and a cylindrical screw off cap, both appearing silver foil in finish and color;

- a trademark appearing vertically in white bold font, placed in the middle of the tubular container, set off against the silver foil background of the base piece;

- a product description appearing in white font, placed in the bottom third of the base piece and set off against its silver foil background; and,

- a thin colored stripe placed laterally just above the bottom of the base piece, spanning the circumference of the tube.

28.    The combination and unique, arbitrary arrangement of these features create a distinctly clean, modern, and fresh trade dress that is a departure from the trade dress of traditional lip liner and lip liner stain products, and thus constitutes an inherently distinctive, protectable trade dress.

29.    Sacheu has filed U.S. Trademark Application Serial No. 99/056,289 with the US PTO seeking registration of the Lip Liner STAY-N Trade Dress.

30.    Additionally, Sacheu has also incurred time, money and effort to secure registered patent protection for its important Lip Liner STAY-N product, including seeking to protect the product's unique utilitarian features and functional benefits through the filing of utility patent applications in the United States, Taiwan and South Korea.

31.    Since its launch, the innovative peel-off formulation and distinctive silver foil packaging design became a sensation on social media, driving widespread consumer interest—drawing in over 800 million views on TikTok—and securing retail partnerships, including availability at the leading national beauty retailer Ulta Beauty.

32.    Celebrities like Billie Eilish have endorsed the Lip Liner STAY-N as

**COMPLAINT**

a must-have product, further solidifying the marketplace goodwill of Sacheu and the Lip Liner STAY-N as a recognized and influential brand with a reputable product in the beauty industry:

 

33.     The innovative peel-off formulation and distinctive silver foil packaging design of Sacheu's Lip Liner STAY-N product has received industry praise and coverage from publications such as Hypebae, Byrdie, POOSH, Pop Sugar, and more.

34.     Plaintiff has made substantial expenditures to promote its Lip Liner STAY-N product, including paid advertising and digital marketing campaigns. Plaintiff's digital advertising prominently features images of the Lip Liner STAY-N Trade Dress:

**COMPLAINT**





35.    Plaintiff's Lip Liner STAY-N has been highly commercially successful. Sacheu has sold a substantial number of units of the Lip Liner STAY-N since its launch in 2023, with the product prevailing as the top-selling lip liner on Amazon for over a year.

36.    As a result of its advertising, sales success, and third-party recognition, and extensive and continuous use since February 2023, the Lip Liner STAY-N Trade Dress has acquired strong secondary meaning, such that in the minds of the relevant consumer, the primary significance of the trade dress is to identify the source of the product rather than the product itself.

37.    The Lip Liner STAY-N Trade Dress is not functional. The Lip Liner STAY-N Trade Dress, which consists of the combination and unique, arbitrary arrangement of its individual elements, is not essential to the use or purpose of the lip liner product, does not affect the quality or cost of the product, and does not reduce manufacturing costs or lower consumer retail prices for lip liners, and its exclusive use by Plaintiff does not place competitors at a non-reputation-related commercial disadvantage.

**COMPLAINT**

38.    There are an infinite number of alternate package designs and color schemes available for lip liner—and even lip liner stain—as evidenced by the wide array of lip liner and lip liner stain products available in the marketplace that do not infringe Plaintiff's Lip Liner STAY-N Trade Dress. The images below show a small sampling of such alternative package designs:



### ii. Plaintiff's Right to Use Sarah Cheung's Name and Likeness

39.    Sacheu has the perpetual, irrevocable, exclusive right and license to use Sarah Cheung's image and likeness in connection with the production, advertising, marketing, promotion, and sale of skincare products, beauty tools and accessories, and color cosmetics products, by virtue of several agreements entered into by Sacheu and Third Act Ventures f/s/o Sarah Cheung (the "Agreements").

40.    Pursuant to the Agreements, Sacheu has the right to assert claims against third parties for the unauthorized commercial reproduction or use of

**COMPLAINT**

1    Cheung's name and or likeness, on Cheung's behalf.

2        41.    Pursuant to the Agreements, Sacheu regularly produces and distributes

3    content using Cheung's name and/or likeness in connection with the advertising,

4    promotion, and sale of Sacheu's products including the Lip Liner STAY-N.

5        42.    Representative samples of the content Sacheu produces and distributes

6    using Cheung's name and likeness, in connection with the production, advertising,

7    marketing, promotion, and sale of Sacheu products are below:

8

9

10

11

12

13        

14

15

16

17

18

19

20

21        43.    As the founder of Sacheu, Cheung's name, image, and likeness are

22    highly connected to the Sacheu brand and Sacheu's beauty products, including the

23    Lip Liner STAY-N, in the minds of consumers.

24    **B.    Defendants' Acts of Infringement and Unfair Competition**

25        ***i.    Defendants' Reproduction of the Lip Liner STAY-N Trade Dress***

26        44.    Upon    information    and    belief,    Defendants    are    engaged    in

27    manufacturing, offering for sale, selling, and distributing to consumers throughout

28    the United States, including in the State of California and this District, at least the

**COMPLAINT**

following makeup products that infringes Plaintiff's Lip Liner STAY-N Trade Dress: Stick & Stay Peel-off Lip Stain (the "Infringing Product"):



45.     Defendants sell the Infringing Product to consumers within the State of California and this District through Smooche's e-commerce website, www.smooche.com.

46.     As reflected in the images below, the Stick & Stay Peel-off Lip Stain product packaging copies the Lip Liner STAY-N Trade Dress as expressed in at least the following features:

- a two-piece tubular container consisting of a flat-bottomed cylindrical base piece and a cylindrical screw off cap, both appearing silver foil in finish and color;

- a trademark appearing vertically in white bold font, placed in the middle of the tubular container, set off against the silver foil background of the base piece;

- a product description appearing in white font, placed in the bottom third of

**COMPLAINT**

the base piece and set off against its silver foil background; and,

- a thin colored stripe placed laterally just above the bottom of the base piece, spanning the circumference of the tube.

*Side-by-side Comparison of Parties' Products' Trade Dresses*



47.    As a result of these similarities, the packaging of Defendants' Stick & Stay Peel-off Lip Stain is confusingly similar to Plaintiff's Lip Liner STAY-N Trade Dress in all respects.

48.    Upon information and belief, Defendants' Stick & Stay Peel-off Lip Stain is the same type of good as Plaintiff's Lip Liner STAY-N product, directly competes with Plaintiff's Lip Liner STAY-N product, and appeals to the same

**COMPLAINT**

classes of consumers as Plaintiff's Lip Liner STAY-N product.

49.    Upon information and belief, Defendants' aforementioned use of the Stick & Stay Peel-off Lip Stain product packaging commenced after Plaintiff's first use in commerce of the Lip Liner STAY-N Trade Dress throughout the United States and in the State of California.

50.    Upon information and belief, and as the similarities between the parties' packaging designs shown and described *supra* plainly show, Defendants intentionally copied Plaintiff's Lip Liner STAY-N Trade Dress when designing the packaging of the Stick & Stay Peel-off Lip Stain (the "Infringing Trade Dress").

51.    Upon information and belief, Defendants' use of Plaintiff's Lip Liner STAY-N Trade Dress has already caused actual confusion among consumers, who have mistakenly believed that Smooche's Infringing Products *are* in fact Plaintiff's products. This actual confusion is evidenced by, *inter alia*, Instagram direct messages with consumers inquiring as to whether Smooche advertisements and lip liner product therein were "infringement(s)?"

52.    Plaintiff has never licensed or authorized Defendants to use Plaintiff's Lip Liner STAY-N Trade Dress in any manner, including but not limited to in connection with the Infringing Product.

53.    Defendants' Infringing Product has not been licensed, authorized, sponsored, endorsed, or approved by Plaintiff.  Defendants are is not associated, affiliated, or connected with Plaintiff, or licensed, authorized, sponsored, endorsed, or approved by Plaintiff.

54.    Upon information and belief, Defendants' aforementioned use of the Infringing Trade Dress in connection with the manufacture, offering for sale, sales, distribution, advertising, marketing, and promoting of the Infringing Product has been directed at consumers throughout the United States, including consumers in the State of California and this District.

55.    The manufacture, offering for sale, sales, distribution, advertising,

**COMPLAINT**

marketing, and promoting of Defendants' Infringing Product, and use of the Infringing Trade Dress in connection therewith, engaged in and/or knowingly facilitated by Defendants, is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into falsely believing that the Infringing Product is manufactured by, licensed by, authorized by, or otherwise approved by Plaintiff.  As such, Defendants' actions are likely to cause initial interest, point-of-sale, and post-sale confusion, to the irreparable harm and detriment of Plaintiff and the substantial goodwill it has developed in its Lip Liner STAY-N Trade Dress.

56.    Upon information and belief, Defendants had actual knowledge of Plaintiff's Lip Liner STAY-N Trade Dress and Plaintiff's rights with respect thereto when they began the manufacture, offering for sale, sales, distribution, advertising, marketing, and promoting of the Infringing Product and use of the Infringing Trade Dress in connection therewith.

57.    Upon information and belief, Defendants were aware or should have been aware that the aforementioned use of the Infringing Trade Dress in connection with the manufacture, offering for sale, sales, distribution, advertising, marketing, and promoting of the Infringing Product, would likely cause confusion among consumers as to the source, sponsorship, or affiliation of the Infringing Product.

58.    Upon information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used the Infringing Trade Dress for use on and in connection with the Infringing Product with the specific intent and purpose of misleading and deceiving consumers into believing that the Infringing Product is licensed or authorized by, or emanates from, Plaintiff, and thereby free-riding and trading on the substantial marketplace goodwill and reputation of Plaintiff embodied in Plaintiff's Lip Liner STAY-N Trade Dress.

59.    Defendants have acted in bad faith, with malicious intent, and in knowing disregard of Plaintiff's rights in and to Plaintiff's Lip Liner STAY-N

**COMPLAINT**

Trade Dress, with the intent of free-riding on the substantial marketplace reputation and goodwill associated with Plaintiff's Lip Liner STAY-N Trade Dress.

60. The likelihood of confusion, mistake, and deception caused by the above-described misconduct of Defendants is causing irreparable harm to the goodwill symbolized by Plaintiff's Lip Liner STAY-N Trade Dress.

61. Upon information and belief, by virtue of its above-described misconduct, Defendants have made substantial profits and gains to which they are not entitled in law or equity.

62. Intervention of this Court is required to put a stop to Defendants' infringing activities, protect the reputation and marketplace goodwill of Plaintiff and Plaintiff's Lip Liner STAY-N Trade Dress from further harm, and prevent further consumer confusion, by enjoining Defendants from engaging in further sales, distribution, advertising, marketing, and promoting of the Infringing Product and other unauthorized, infringing use of Plaintiff's Lip Liner STAY-N Trade Dress.

## ii. *Defendants' Unauthorized Use of Cheung's Name and Likeness*

63. Making matters worse, Defendants are not only selling an identical type of peel-off lip liner stain product packaged in product packaging confusingly similar to that of Sacheu's Lip Liner STAY-N, Defendants have also knowingly and intentionally used Cheung's image and likeness in connection with its advertising, promotion, and sale of the Infringing Product, without Sacheu's or Cheung's consent. A non-exhaustive representative sample of Defendants' unauthorized use of Cheung's image and likeness to promote its Infringing Product is reproduced below:

**COMPLAINT**



64. Given the extreme degree of similarity of the parties' product packaging designs and Defendants' blatant use of Cheung's image and likeness in its promotional content, it is clear that Defendants deliberately and purposely developed a product and marketing scheme intended to cause consumer confusion with Sacheu and its products and marketing, in order to benefit from the substantial marketplace goodwill that Cheung, Sacheu, and its Lip Liner Stay-N Trade Dress have developed.

65. Defendants' illicit misconduct, including use of Cheung's image and likeness in its promotional content, is causing irreparable harm to Sacheu's goodwill, its Lip Liner STAY-N sales, and Cheung's reputation.

//

//

//

//

**COMPLAINT**

### FIRST CLAIM FOR RELIEF

### Federal Trade Dress Infringement,

### False Designation of Origin and Unfair Competition

### (15 U.S.C. § 1125(a))

66.    Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

67.    Defendants' unauthorized use of the Infringing Trade Dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is manufactured or distributed by Plaintiff, or is affiliated, connected, or associated with Plaintiff, or has the authorization, sponsorship, endorsement, or approval of Plaintiff.

68.    Defendants have used false designations of origin in violation of 15 U.S.C. § 1125(a). Defendants' illicit activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's Lip Liner STAY-N Trade Dress, for which Plaintiff has no adequate remedy at law.

69.    Defendants' actions demonstrate intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Lip Liner STAY-N Trade Dress to the substantial and irreparable injury of Plaintiff.

70.    Because Defendants have caused, and are likely to continue causing, substantial injury to the public and to Plaintiff, and because this is an exceptional case, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C §§ 1125(a), 1116, and 1117.

//

//

**COMPLAINT**

## SECOND CLAIM FOR RELIEF

### Trade Dress Infringement, Unfair Competition
### & Misappropriation Under Common Law

71.    Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

72.    Defendants' illicit activities with respect to Plaintiff's Lip Liner STAY-N Trade Dress alleged herein constitute trade dress infringement, unfair competition, and misappropriation of Plaintiff's goodwill under the common law of the State of California.

73.    Defendants are directly liable for their illicit activities with respect to Plaintiff's Lip Liner STAY-N Trade Dress alleged herein.

74.    Defendants' illicit activities with respect to Plaintiff's Lip Liner STAY-N Trade Dress alleged herein have, at times relevant to this action, been willful.

75.    As a direct and proximate result of Defendants' illicit activities with respect to Plaintiff's Lip Liner STAY-N Trade Dress alleged herein, Plaintiff has been and, unless Defendants' illicit activities with respect to Plaintiff's Lip Liner STAY-N Trade Dress are enjoined by this Court, will continue to be damaged and irreparably harmed.

76.    Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Unfair Competition (Cal. & Bus. Prof. Code. §§ 17200 *et seq.*)

77.    Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

78.    Upon information and belief, by using the Infringing Trade Dress, a confusingly similar imitation of Plaintiff's Lip Liner STAY-N Trade Dress, in

**COMPLAINT**

commerce without consent or authorization of Plaintiff, and particularly by engaging in such use concurrently with unauthorized use of the image and likeness of Cheung—who is Sacheu's founder, has granted a perpetual license to Sacheu to use her image and likeness to promote its beauty products, and whose image and likeness frequently appears in marketing and promotional material for Sacheu's Lip Liner STAY-N—in marketing, promotion, and sales of the Infringing Product, Defendants are knowingly and willfully confusing consumers by creating the false and misleading impression that Defendants' Infringing Product emanates from, or is otherwise authorized by, sponsored by, affiliated with, or connected to Plaintiff.

79.     Upon information and belief, Defendants' deliberate use of the Lip Liner STAY-N Trade Dress and Cheung's image and likeness in connection with its marketing, advertising, promotion, offering for sale, and/or sale of its Infringing Product, was and continues to be done in bad faith and with the intent to unfairly benefit from the expense, time, effort and labor expended by Plaintiff in developing and promoting the Sacheu brand and Lip Liner STAY-N Trade Dress.

80.     By reason of the foregoing, Defendants' conduct constitutes violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, §§ 17200 *et seq*.

81.     Defendants' actions were deliberate, willful, and in conscious disregard of Plaintiff's rights.

82.     Defendants' conduct as alleged above has caused and will continue to cause Plaintiff to suffer irreparable injury, for which it has no adequate remedy at law.

83.     As a result of Defendants' conduct in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, §§ 17200 *et seq*., Plaintiff is entitled to all available relief provided for thereunder, including, without limitation, permanent injunctive relief.

**COMPLAINT**

1
2
3

**FOURTH CLAIM FOR RELIEF**

**Right of Publicity (Cal. Civil Code § 3344 *et seq*.)**

4      84.     Plaintiff repeats and reincorporates the allegations contained in the
5   preceding paragraphs as though set forth in full herein.

6      85.     Upon Information and belief, Defendants are knowingly and willfully
7   using Cheung's photograph and likeness for a commercial purpose, in connection
8   with the advertising and sale of the Infringing Product, without consent or
9   authorization by Plaintiff.

10      86.     Defendants' use of Cheung's photograph and likeness has caused
11   reputational and financial harm to Plaintiff and Cheung.

12      87.     By reason of the foregoing, Defendants' conduct constitutes violation
13   of California's Statutory Right of Publicity Cal. Civ. Code § 3344 *et seq*.

14      88.     Defendants' actions were deliberate, willful, and in conscious
15   disregard of Plaintiff's rights.

16      89.     Defendants' conduct as alleged above has caused and will continue to
17   cause Plaintiff to suffer irreparable injury, for which it has no adequate remedy at
18   law.

19      90.     As a result of Defendants' conduct in violation of California's
20   Statutory Right of Publicity Cal. Civ. Code § 3344 *et seq.*, Plaintiff is entitled to all
21   available relief provided for thereunder, including, without limitation, punitive
22   damages, attorney's fees, and permanent injunctive relief.

23
24
25
26

**FIFTH CLAIM FOR RELIEF**

**Right of Publicity Under Common Law**

27      91.     Plaintiff repeats and reincorporates the allegations contained in the
28   preceding paragraphs as though set forth in full herein.

92.     Upon Information and belief, Defendants are knowingly and willfully using Cheung's voice, image, and likeness for a commercial purpose, in connection with the advertising and sale of the Infringing Product, without consent or authorization by Plaintiff.

93.     Defendants' use of Cheung's voice, image, and likeness has caused reputational and financial harm to Plaintiff and Cheung.

94.     By reason of the foregoing, Defendants' conduct constitutes violation of the common law right of publicity in the State of California.

95.     Defendants' actions were deliberate, willful, and in conscious disregard of Plaintiff's rights.

96.     Defendants' conduct as alleged above has cause and will continue to cause Plaintiff to suffer irreparable injury, for which it has no adequate remedy at law.

97.     As a result of Defendants' conduct in violation of the common law of the common law right of publicity of the State of California, Plaintiff is entitled to all available relief provided for thereunder, including, without limitation, punitive damages, attorney's fees, and permanent injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     Preliminarily and permanently enjoining and restraining Defendants, Defendants' directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons and entities in active concert or participation with, through, or under any of the foregoing:

1.     From imitating, copying, or otherwise making unauthorized use of Plaintiff's Lip Liner STAY-N Trade Dress, any unauthorized colorable imitation of Plaintiff's Lip Liner STAY-N Trade Dress, or any other trade dress confusingly

**COMPLAINT**

similar to Plaintiff's Lip Liner STAY-N Trade Dress, in connection with the manufacture, importation, promotion, marketing, advertising, display, sale, offering for sale, production, circulation or distribution of any good or service;

2. From committing any acts of unfair competition and/or creating a false designation or origin, false description, or false representation with respect to Plaintiff's Lip Liner STAY-N Trade Dress;

3. From committing any acts of unfair competition by falsely passing off any goods or services as authorized by, associated with, sponsored by, endorsed by, affiliated with, related to, or otherwise connected to Plaintiff, or inducing or enabling others to falsely pass off any goods or services as authorized, associated with, sponsored by, endorsed by, affiliated with, related to, or otherwise connected to Plaintiff;

4. From manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, marketing, promoting or displaying any product packaging bearing Plaintiff's Lip Liner STAY-N Trade Dress, any unauthorized colorable imitation Plaintiff's Lip Liner STAY-N Trade Dress, or any trade dress confusingly similar to Plaintiff's Lip Liner STAY-N Trade Dress;

5. From using in any manner any packaging, labels, signs, literature, display cards, or other packaging, advertising, marketing, or promotional materials (physical and/or digital), or other materials (physical and/or digital) bearing images of Plaintiff's Lip Liner STAY-N Trade Dress, any unauthorized colorable imitation of Plaintiff's Lip Liner STAY-N Trade Dress, or any other trade dress confusingly similar to Plaintiff's Lip Liner STAY-N Trade Dress, in connection with any of Defendants' goods or services;

6. From making any statements on advertising, marketing, or promotional materials for any of Defendants' goods or services which are false or misleading as to being an authorized distributor or seller of goods or services under

**COMPLAINT**

Plaintiff's Lip Liner STAY-N Trade Dress, any unauthorized colorable imitation of Plaintiff's Lip Liner STAY-N Trade Dress, or any trade dress confusingly similar to Plaintiff's Lip Liner STAY-N Trade Dress;

7.      From making any statements on advertising, marketing, or promotional materials for any of Defendants' goods or services which are false or misleading as to source or origin;

8.      From committing any acts of trade dress infringement, unfair competition, or false designation of origin calculated to cause members of the trade or purchasing public to falsely believe that any of Defendants' goods or services are Plaintiff's goods or services, or are authorized by, associated with, sponsored by, endorsed by, affiliated with, related to, or otherwise connected to Plaintiff; and,

9.      From using Sarah Cheung's voice, image, and likeness for a commercial purpose, in connection with the advertising and sale of any product, without consent or authorization by Plaintiff.

B.      Ordering that Defendants recall from the trade, including any and all distributors, wholesalers, dealers, retailers and all other third parties, any and all unauthorized products bearing Plaintiff's Lip Liner STAY-N Trade Dress, any unauthorized colorable imitation of Plaintiff's Lip Liner STAY-N Trade Dress, or any other trade dress confusingly similar to Plaintiff's Lip Liner STAY-N Trade Dress.

C.      Ordering that Defendants deliver to Plaintiff any and all containers, signs, packaging materials, printing plates, advertising, marketing, and promotional materials, and any materials used in the preparation of any of the foregoing, which in any way use or make reference to Plaintiff's Lip Liner STAY-N Trade Dress, any unauthorized colorable imitation of Plaintiff's Lip Liner STAY-N Trade Dress, or any other trade dress confusingly similar to Plaintiff's Lip Liner STAY-N Trade Dress, and/or Sarah Cheung's voice, image, or likeness.

**COMPLAINT**

D.     Ordering that Defendants, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's order pursuant to Paragraphs A-C above, pursuant to 15 U.S.C. § 1116.

E.     Ordering Defendants to account for all gains, profits, and advantages derived from its acts of infringement, false designation, unfair competition, violation of Plaintiff's rights of publicity, and other violations of law alleged herein.

F.     Ordering that Defendants be ordered to pay for Plaintiff's actual damages according to proof and all profits realized by Defendants by reason of the unlawful acts by Defendants alleged in this Complaint, increased to the maximum extent permitted by law and justified by the circumstances of this case, pursuant to 15 U.S.C. § 1117 and Cal. Civ. Code § 3344.

G.     Ordering that Defendants be ordered to pay to Plaintiff punitive and exemplary damages as provided by California law.

H.     Directing that Defendants be ordered to pay to Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendants' intentional and willful misconduct, pursuant to 15 U.S.C. § 1117.

I.     Awarding Plaintiff pre-judgment and post-judgment interest to the maximum extent provided by law.

J.     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

/ / /

/ / /

27                                                              **COMPLAINT**

1

## **JURY DEMAND**

2

Plaintiff hereby demands a trial by jury on all issues so triable.

3

4    DATED: February 26, 2025          Respectfully submitted,

5                                       **MEISTER SEELIG & FEIN LLP**

6

7                                       By: /s/ *Ana C. Vásquez*
                                         Ana C. Vásquez (231903)
8                                       MEISTER SEELIG & FEIN LLP
                                         1250 Sixth Street, Suite 403
9                                       Santa Monica, CA 90401
10                                      Phone: (310) 295-2167
11                                      acv@msf-law.com

12                                      Edmund J. Ferdinand, III
13                                      (*pro hac vice to be filed*)
                                         Jed@Msf-law.com
14                                      Alexander Malbin
15                                      (*pro hac vice vice to be filed*)
16                                      Arm@Msf-law.com
                                         Kathleen Moore
17                                      (*pro hac vice vice to be filed*)
18                                      kbm@Msf-law.com
                                         MEISTER SEELIG & FEIN PLLC
19                                      125 Park Avenue, 7th Floor
20                                      New York, NY 10017
21                                      Phone: (212) 655-3500

22

23

24

25

26

27

28

**COMPLAINT**